[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11834
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 1, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00507-TCB-JFK-1

UNITES STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACINTO GONZALEZ-CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 1, 2010)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Jacinto Gonzalez-Cruz appeals his 60-month sentence

for illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). On appeal, Gonzalez-Cruz argues that his 60-month sentence was substantively unreasonable. After review, we affirm.

## I. BACKGROUND

### A. Second Illegal Reentry Conviction

In 2001, Gonzalez-Cruz, a Mexican citizen, was convicted in a Texas state court of burglary of a habitation, an aggravated felony. After serving his sentence, Gonzalez-Cruz was deported to Mexico in January 2002.

In 2005, Gonzalez-Cruz was found in the United States. In 2006, Gonzalez-Cruz pled guilty in federal court to illegal reentry of a deported alien and received a 37-month sentence, followed by 36 months' supervised release. On December 12, 2007, Gonzalez-Cruz was again deported.

On October 11, 2009, Gonzalez-Cruz was arrested in Georgia after failing to appear on outstanding traffic charges. Gonzalez-Cruz later admitted to Immigration and Customs Enforcement agents that he had illegally reentered the United States in September 2009. Gonzalez-Cruz pled guilty a second time to illegal reentry after deportation.

### B. Sentencing

At sentencing, the district court, without objection: (1) adopted the findings

2

of fact in the presentence investigation report; (2) calculated a base offense level of 8, pursuant to U.S.S.G. § 2L1.2; (3) applied a 16-level increase, pursuant to § 2L1.2(b)(1)(A), because Gonzalez-Cruz previously had been deported after a felony conviction that was a crime of violence; (4) applied a 3-level decrease, pursuant to § 3E1.1, for acceptance of responsibility; and (5) assigned a criminal history category of V based on Gonzalez-Cruz's prior convictions, which included two 2005 DUIs in Georgia. With a criminal history category of V and an adjusted offense level of 21, Gonzalez-Cruz's advisory guidelines range was 70 to 87 months' imprisonment.

Gonzalez-Cruz asked for a thirty-month sentence. Gonzalez-Cruz stressed that: (1) the 16-level offense level increase under the guidelines for his felony burglary conviction, while technically correct, overstated the seriousness of that offense because the subdivision he burglarized was under construction and unoccupied; (2) his 2006 illegal reentry conviction resulted in six criminal history points (three for the conviction, two for being on supervised release when the instant offense was committed and one for committing the instant offense within two years of being released from custody); (3) his father brought him to live in the United States when he was six years old, after his older brother was murdered at school; (4) he currently lives in Mexico with his girlfriend and their child and

3

returned to the United States only to visit his sick mother; and (5) his last criminal conduct occurred five years ago. The government argued that the district court needed to consider deterrence in light of Gonzalez-Cruz's prior convictions and his disregard for the law in illegally reentering the United States.

After listening to the parties' arguments and Gonzalez-Cruz's statement, the district court imposed a 60-month sentence. In explaining the chosen sentence, the district court stated:

> I have carefully considered all of the sentencing factors set forth in 18 [ ]U.S.C.[ ] Section 3553(a). It is particularly significant to the Court that this is a multiple re-entry case. I do recognize that, as [the government] acknowledged, the defendant had some subjectively valid reasons for returning to the United States, but of course those reasons do not trump the law.
> It is also disturbing to the Court that he had criminal convictions, the DUIs, while he was here illegally. . . . [I]f you're going to come over here illegally, the least you can do once you get here, [is to] not break the law. I think [the government's] right when [it] talks about . . . an apparent lack of respect for the law.
> On the other hand, as I've indicated, I think his being hit with a 16-point enhancement for that specific characteristic, offense characteristic, is a bit harsh. And having weighed all of these equities and considered all of the facts of the case, I'm going to sentence the defendant to what I think is enough time, I think what is the minimum amount of time necessary to effectuate the statutory objectives, and that's 60 months.

Gonzalez-Cruz filed this appeal.

## II. DISCUSSION

4

On appeal, Gonzalez-Cruz argues that his 60-month sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).[1] The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of both the record and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[2] We ordinarily expect a sentence within the advisory guidelines range will be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Here, we conclude Gonzalez-Cruz's 60-month sentence, ten months below the low end of the advisory guidelines range of 70 to 87 months, is reasonable. As the district court noted, Gonzalez-Cruz has illegally reentered the United States multiple times, the last time after Gonzalez-Cruz had already served a 37-month sentence for the same offense. Furthermore, Gonzalez-Cruz committed other criminal offenses, including two DUIs and an aggravated burglary, while in the

---

[1]Gonzalez-Cruz does not challenge the district court's guidelines calculations or in any other way argue that his sentence is procedurally unreasonable.

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

United States.  Considering the totality of the circumstances, we reject Gonzalez-Cruz's argument that the 60-month sentence overstates the seriousness of his illegal reentry offense.

Gonzalez-Cruz reasserts his argument that the 16-level increase in his offense level under the guidelines overstated the seriousness of his burglary offense and that his criminal history category overstated the seriousness of his criminal history.  The district court considered these mitigation arguments and, in fact, gave Gonzalez-Cruz a ten-month downward variance based at least in part on them.  However, the district court was unwilling to vary any further downward given the need for deterrence and to promote respect for the law.  The district court's refusal to vary further downward was not an abuse of discretion.

**AFFIRMED.**